UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL PHILLIPS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:10-CV-103 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Darrell Phillips to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The United States has filed a response, and the issues are fully briefed.

**I. Background**

A grand jury indictment charged Phillips and four others with distributing marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count I); conspiring to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count II); possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III); and possession of firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count IV). After entering into a plea agreement with the government, Phillips entered a knowing, intelligent and voluntary plea of guilty to Counts II and III.

In the plea agreement, Phillips stipulated that he met with an undercover agent of the Bureau of Alcohol, Tobacco and Firearms on October 1, 2008, to discuss a plan

---

[1] Phillips seeks leave to amend his prosecutorial misconduct claim by adding the allegation that the prosecutor withheld exculpatory evidence. He has also filed a motion to "expand the record," a motion for discovery, and a motion for appointment of counsel.

to steal 10 to 15 kilograms of cocaine from drug dealers.[2] Phillips described the plan to the ATF agent, stating that he and five other individuals (his "crew") had conducted robberies of drug dealers in the past and that he had access to firearms. During a subsequent phone conversation, Phillips told the ATF agent that he and his crew were ready and that they would meet the agent the next day at a hotel room. On October 22, 2008, Phillips and two other men met the agent at a hotel where they further discussed the robbery. It was agreed that the robbery would take place on October 28, and that they would split the cocaine. Phillips assured the agent that he and his crew would be armed.

Phillips stipulated to the following in the plea agreement:

> At some point, defendant [Phillips] arranged with [co-defendant] Jordan, co-defendant Willie Wade, co-defendant Larry Williams, and co-defendant Lamar Smith to meet with the undercover agent to conduct the robbery as planned. Defendant, Jordan, Wade, Williams, and Smith came to an agreement and understanding that they would rob the drug dealers of the 10 to 15 kilograms of cocaine and then distribute the cocaine amongst themselves and to other persons. Defendant, Jordan, Wade, Williams, and Smith obtained ski masks, walky talkies [sic], and various firearms, including a .223 caliber assault rifle, 9mm semi-automatic pistols, and a .38 caliber revolver, in furtherance of the cocaine conspiracy.

On October 28, Phillips, armed with a semi-automatic pistol, arrived at the ATF agent's hotel room with his co-defendants where they again reviewed the robbery plan. Shortly thereafter, other ATF agents entered the room and arrested Phillips and the co-defendants. Phillips later gave a statement in which he admitted that he possessed the semi-automatic pistol and organized the crew to steal cocaine which he intended to sell.

---

[2]The parties stipulated that the first meeting was arranged by a confidential informant. However, there was no evidence that the informant was present at that or at any subsequent meeting.

-2-

The statutory penalties for Count II included imprisonment for not less than ten years and not more than life; for Count III the penalties included imprisonment of not less than five years and not more than life, to be imposed consecutively to any other term of imprisonment. On May 20, 2009, Phillips was sentenced to a 168-month term of imprisonment on Count II and a consecutive 60-month term of imprisonment on Count III. Counts I and IV were dismissed by the government pursuant to the plea agreement. Phillips did not appeal the judgment.

II.   **Discussion**

Phillips asserts three grounds for relief in his motion to vacate: (1) the court lacked subject-matter jurisdiction; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct. The jurisdictional claim that Phillips asserts in ground 1 could have been presented on appeal, but was not. In the plea agreement, Phillips gave up his right to appeal "non-jurisdictional" issues. A motion to vacate is not a substitute for a direct appeal. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v. Frady, 456 U.S. 152 (1982)]. Absent a showing of cause and prejudice, a movant cannot assert a claim in a § 2255 proceeding that could have been asserted on appeal. Id. In order to show cause, the movant must establish that "some objective factor external to the defense" impeded his ability to present his claim on appeal. McCleskey v. Zant, 499 U.S. 467, 493 (1991)[*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)]. Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar. Id. at 494.

Because Phillips asserts a claim of ineffective assistance of counsel, the Court will consider the merits of the ground that would otherwise be subject to the

–3–

procedural bar. The Court notes, however, that Phillips makes no claim, let alone any showing, of actual innocence.

### Ground 1: Lack of Subject-Matter Jurisdiction

Phillips asserts that the Court lacked jurisdiction to accept his guilty plea, because the conspiracy charged in Count II involved only Phillips and government agents and informants. This claim is not supported by the facts. Phillips admitted in his guilty plea that he met, not only with the undercover ATF agent, but also with his co-defendants to develop and finalize the plans for the cocaine robbery that was to take place. He further admitted that he and his co-defendants obtained firearms and other items to facilitate the robbery. Phillips' admissions clearly establish the existence of a conspiracy (*i.e.*, an agreement between Phillips and his co-defendants to steal between 10 and 15 kilograms of cocaine from drug dealers at gunpoint), and that Phillips voluntarily joined the conspiracy knowing of its illegal purpose. See United States v. Espinoza, 684 F.3d 776, 494 (8th Cir. 2012)(discussing elements of conspiracy under 21 U.S.C. § 846). The fact that some co-conspirators may join in the agreement after its initial formation does not negate the existence of a conspiracy. United States v. Longs, 613 F.3d 1174, 1176 (8th Cir. 2010) ("a single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." ). Phillips is not entitled to relief on the claim asserted in Ground 1.

### Ground 2: Ineffective Assistance of Counsel

Phillips' ineffective assistance claim is based on the assertion that his attorney advised him to plead guilty to Count II even though he knew or should have known that a person cannot conspire with a government agent or informant. See United States v. Lively, 803 F.2d 1124, 1126 (11th Cir. 1986) ("it is well-settled that a person

cannot conspire with a government informer who secretly intends to frustrate the conspiracy."). Phillips goes on to argue that his attorney knew or should have known that Count III was invalid because it depended on the invalid drug trafficking crime (conspiracy) in Count II. Phillips also contends that his attorney should have preserved his right to appeal the subject-matter jurisdiction issue he raises in the instant motion.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive. A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Phillips' challenge to the validity of the charges in Counts II and III is without merit. As discussed above, Phillips admitted to participating in a conspiracy with his co-defendants to steal cocaine for distribution and admitted to carrying a firearm to facilitate the robbery. Defense counsel cannot be faulted for failing to advise Phillips that the charges were invalid. Additionally, as evidenced by the plea agreement, Phillips did not waive his right to appeal jurisdictional issues. Thus, the allegation that Phillips' attorney failed to preserve his right to appeal the subject-matter jurisdiction issue is contradicted by the evidence.

Phillips further asserts that he was "tricked" by his lawyer into believing that he would receive a 30-year sentence and a loss of his appeal rights if he didn't plead guilty. He also claims that defense counsel refused his request to file a motion to withdraw his guilty plea. During the change of plea hearing and in the plea agreement, Phillips was advised of the statutory penalties for the charges in Counts II and III, and he knew that he was retaining his right to appeal all jurisdictional issues. Conservatively, if Phillips had gone to trial and been found guilty, he could have faced a guideline imprisonment range of 235-293 months for Count II plus a consecutive (minimum) 60-month term of imprisonment for Count III, resulting in an aggregate term of 353 months.[3] So, even if defense counsel did tell Phillips he faced a 30-year sentence, that estimate was not far from the mark. Finally, Phillips does not identify the grounds on which a motion to withdraw the guilty plea would have been based, nor does he show any likelihood that such a motion would have been granted. Thus, Phillips has not demonstrated that he was prejudiced by his attorney's conduct.

## Prosecutorial Misconduct

Phillips' claim of prosecutorial misconduct is based on the allegations that the prosecutor (2) knew that the charge in Count II was "non-cognizable" because there can be no crime of conspiracy between an individual and a government agent or informant and (2) knew that the firearm in Count III was not possessed in furtherance of a drug trafficking crime because there was no drug trafficking (*i.e.*, conspiracy) crime. For the reasons discussed above, Phillips' allegations are without merit and therefore do not establish a claim of prosecutorial misconduct.

---

[3]If Phillips testified at trial and his testimony was found to be false, he could have been assessed an upward adjustment for obstruction of justice (U.S.S.G. 3C1.1), resulting in a guideline range of 262-327 months for Count II. Applying the consecutive sentence for Count III would have resulted in a 387-month term of imprisonment.

### Motion to Amend

On February 7, 2011, Phillips filed a motion to amend his motion to vacate by adding a claim that the prosecutor wrongfully withheld exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Phillips alleges that the prosecutor withheld information concerning a confidential informant.

A one-year period of limitation applies to motions for relief under § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run---as relevant here---from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). In the instant case, because Phillips did not seek appellate review, his conviction became final on June 4, 2009, when the 10-day period for filing a notice of appeal expired. Fed.R.App.P. 4(b)(1)(A), 26(a).[4] See Murray v. United States, 313 Fed. Appx. 924 (8th Cir. 2009)(when defendant did not file direct appeal, his conviction became final upon expiration of the time for filing notice of appeal) [*citing* Anjulo-Lopez v. United States, 541 F.3d 814, 816 n. 2 (8th Cir. 2008)]. The one-year period of limitation expired on June 10, 2010. Therefore, any claim for relief under § 2255 had to be filed by that date.

Phillips asserts that his Brady claim is timely because it relates back to the prosecutorial misconduct claim raised in the original motion. Relation back is permitted if the amended claim only serves to add additional facts and specificity to the original claim. See, e.g., Mandacina v. U.S., 328 F.3d 995, 1000-01 (8th Cir. 2003) (discovery violation in amended petition relates back to Brady claim in original petition). Thus, for example, a new claim of ineffective assistance of counsel will not

---

[4]Phillips was sentenced before the effective date of the 2009 amendments to the Federal Rules of Appellate Procedure that changed the time for filing a notice of appeal to 14 days and that changed the time computation approach to including intermediate weekends and holidays.

be deemed to relate back to an earlier ineffective assistance claim of a different type. See U.S. v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).

In Hernandez, the prisoner filed a timely § 2255 motion alleging that counsel was ineffective for failing to object to the admission of evidence that lacked a proper foundation. Later, after the limitations period had expired, the prisoner sought to amend his motion to present an second allegation of ineffective assistance, this time based on counsel's failure to effectively cross-examine two witnesses. The district court dismissed the newly asserted ineffective assistance claim as untimely, and the dismissal was affirmed on appeal. The Court of Appeals found that the facts alleged in the original claim (which referred to admission of evidence) "were not such that would put the opposition on notice that cross-examination of witnesses [alleged in the newly asserted claim] was at issue." Id. at 858. (*citing* Mandacina, 328 F.3d at 1000) motionheld that the two claims of ineffective assistance were "not similar enough to satisfy the 'time and type' test" and did not "arise out of the same set of operative facts." Id.

Here, Phillips' new claim of a Brady violation is not an expansion of or in any way similar to his original claim of prosecutorial misconduct. The Brady claim was not presented before the expiration of the one-year limitations period on June 10, 2010, and Phillips alleges no circumstances that would make equitable tolling applicable. Because the claim is time-barred, the Court will not consider it.

III. Conclusion

For the foregoing reasons, the Court concludes that Phillips is not entitled to the relief he seeks. The Court finds that Phillips has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

An appropriate order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2012.